**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-2444**

─────────────

JEFFREY C. SKEENS, as Administrator of the Estate of Grover Skeens; CAROLYN D. DAVIS, as Administratrix of the Estate of Charles T. Davis; OWEN T. DAVIS, as Administrator of the Estate of Cory Davis,

             Plaintiffs – Appellants,

        and

GROVER SKEENS; CHARLES T. DAVIS; CORY DAVIS,

             Plaintiffs,

        v.

ALPHA NATURAL RESOURCES, INCORPORATED; ALPHA APPALACHIA HOLDINGS, INCORPORATED, f/k/a Massey Energy Company,

             Defendants - Appellees.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Irene C. Berger, District Judge.  (5:13-cv-20595; 5:12-cv-06854)

─────────────

Submitted:  July 31, 2014          Decided:  September 17, 2014

─────────────

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

─────────────

Dismissed in part, vacated in part, and remanded with instructions by unpublished per curiam opinion.

─────────────

J. Michael Ranson, RANSON LAW OFFICES, Charleston, West Virginia; G. Patrick Jacobs, JACOBS LAW OFFICE, Charleston, West Virginia, for Appellants. A.L. Emch, Gretchen M. Callas, JACKSON KELLY PLLC, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey C. Skeens, Carolyn D. Davis, and Owen T. Davis ("Plaintiffs"), as administrators of the estates of Grover Skeens, Charles T. Davis, and Cory Davis, respectively, seek to appeal the district court's orders dismissing without prejudice their amended complaint against Alpha Natural Resources, Inc., and Alpha Appalachia Holdings, Inc., ("Defendants") in Case No. 5:12-cv-06854 and dismissing with prejudice their complaint against Defendants in Case No. 5:13-cv-20595. We dismiss Plaintiffs' appeal of the district court's order in Case No. 5:12-cv-06854 as interlocutory. We vacate the district court's order in Case No. 5:13-cv-20595 and remand with instructions to dismiss the complaint without prejudice for lack of jurisdiction.

With respect to Case No. 5:12-cv-06854, we note that we have already once declined to consider Plaintiffs' appeal of the district court's dismissal of their case without prejudice. See Skeens v. Alpha Natural Res., No. 13-1727 (4th Cir. ECF No. 41). We discern no differences in the posture of the case that would require us to disturb our prior decision. See, e.g., Sierra Club v. Khanjee Holding, Inc., 655 F.3d 699, 705 (7th Cir. 2011) (finding "no significant differences" in the legal landscape that would warrant re-examination of prior jurisdictional ruling). The district court's dismissal in this

3

case remains an interlocutory order that is not subject to appeal. See Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1067 (4th Cir. 1993). Accordingly, we once again dismiss the appeal of the district court's order in Case No. 5:12-cv-06854.

Turning to Plaintiffs' appeal of the district court's order in Case No. 5:13-cv-20595, "[a]s a court of limited jurisdiction, we are obligated to satisfy ourself of our jurisdiction as well as that of the district court." Choice Hotels Int'l, Inc. v. Shiv Hospitality, L.L.C., 491 F.3d 171, 175 (4th Cir. 2008); see also Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998). Federal jurisdiction may lie either on the basis of diversity, 28 U.S.C. § 1332 (2012), or the existence of a federal question, 28 U.S.C. § 1331 (2012). Diversity jurisdiction exists when complete diversity of citizenship exists among the parties and the amount in controversy is greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); see 28 U.S.C. § 1332(c)(1) (stating that corporation is deemed a citizen of state in which it is incorporated and state in which it has principal place of business). Plaintiffs bear the burden of proving the existence of subject matter jurisdiction. Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty., Md., 523 F.3d 453, 459 (4th Cir. 2008).

4

We conclude that Plaintiffs failed to bear their burden of establishing complete diversity: although the amended complaint establishes the citizenship of Plaintiffs, it indicates only the states in which Defendants are incorporated, neglecting to include also the states where Defendants have their principal place of business. Consequently, the district court should have dismissed the complaint for lack of jurisdiction.

Moreover, "[g]iven the court's lack of jurisdiction over the case, any . . . holdings based on consideration of and conclusions on the merits were beyond the power of the district court." S. Walk at Broadlands Homeowner's Assoc., Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 n.4 (4th Cir. 2013). Accordingly, we vacate the district court's order in Case No. 5:13-cv-20595 and remand with instructions to dismiss the complaint without prejudice for lack of jurisdiction. See id. at 185 ("A dismissal for . . . [a] defect in subject matter jurisdiction[] must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

5

before this court and argument would not aid the decisional process.

DISMISSED IN PART,
VACATED IN PART, AND
REMANDED WITH INSTRUCTIONS