**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1403**

JEFFREY C. SKEENS, as Administrator of the Estate of Grover
Skeens; CAROLYN D. DAVIS, as Administratrix of the Estate
of Charles T. Davis; OWEN T. DAVIS, as Administrator of the
Estate of Cory Davis,

               Plaintiffs - Appellants,

     v.

ALPHA NATURAL RESOURCES, INC.; ALPHA APPALACHIA HOLDINGS,
INC., f/k/a Massey Energy Company,

               Defendants - Appellees.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Irene C. Berger,
District Judge.  (2:14-cv-27781; 5:12-cv-06854)

Submitted:  November 29, 2016     Decided:  January 5, 2017

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Dismissed in part, vacated in part, and remanded with
instructions by unpublished per curiam opinion.

J. Michael Ranson, RANSON LAW OFFICES, PLLC, Charleston, West
Virginia; G. Patrick Jacobs, JACOBS LAW OFFICE, Charleston, West
Virginia, for Appellants.  A.L. Emch, Gretchen M. Callas,
JACKSON KELLY PLLC, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey C. Skeens, Carolyn D. Davis, and Owen T. Davis (Appellants), as administrators of the estates of Grover Skeens, Charles T. Davis, and Cory Davis, respectively, seek to appeal the district court's orders dismissing without prejudice their amended complaint against Alpha Natural Resources, Inc., and Alpha Appalachia Holdings, Inc., (Alpha) in Case No. 5:12-cv-06854 and dismissing with prejudice their complaint against Alpha in Case No. 2:14-cv-27781. We dismiss the appeals and, in the appeal from Case No. 2:14-cv-27781, we vacate that part of the court's order dismissing the case with prejudice and remand with instructions to dismiss the case without prejudice.

With respect to Case No. 5:12-cv-06854, we note that we have already twice declined to consider the Plaintiffs' appeal of the district court's dismissal of their case without prejudice. See Skeens v. Alpha Nat. Res., Inc., No. 13-1727 (4th Cir. ECF No. 41); Skeens v. Alpha Nat. Res., Inc., 583 F. App'x 200, 201 (4th Cir. Sept. 17, 2014) (No. 13-2444). We discern no difference in the posture of this case that would require us to disturb our prior decisions. See, e.g., Sierra Club v. Khanjee Holding (US) Inc., 655 F.3d 699, 705 (7th Cir. 2011) (finding "no significant differences" in the legal landscape that would warrant re-examination of prior jurisdictional ruling). The district court's dismissal in this

2

case remains an interlocutory order that is not subject to appeal. See Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1067 (4th Cir. 1993). Accordingly, we once again dismiss the appeal of the district court's order in Case No. 5:12-cv-06854.

Turning to the Plaintiffs' appeal of the district court's order in Case No. 2:14-cv-27781, we note that the Plaintiffs fail to challenge in their appellate brief the court's dispositive finding that they lacked standing because enforcement of the nonprosecution agreement (NPA) remained solely with the United States, and its determination as to whether Alpha violated the terms of the NPA was not subject to review by any court. Because Plaintiffs do not challenge the court's dispositive finding, they have waived review. See N.L.R.B. v. Bluefield Hosp. Co., LLC, 821 F.3d 534, 545 n.8 (4th Cir. 2016).

The district court should have dismissed the complaint for lack of jurisdiction based on its conclusion that the Appellants did not have standing. Further, because the court lacked jurisdiction, "any alternate holdings based on consideration of and conclusions on the merits were beyond the power of the district court." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 n.4 (4th Cir. 2013).

Accordingly, because the Appellants waived review of the district court's conclusion regarding standing in Case No. 2:14-cv-27781, we dismiss the appeal.  Because a dismissal for lack of standing must be without prejudice, we vacate the court's order to the extent that the dismissal was with prejudice, and remand with instructions that the case be dismissed without prejudice.  Id. at 185.

DISMISSED IN PART, VACATED IN PART,
AND REMANDED WITH INSTRUCTIONS